Keith A. Attlesey (SBN 168470)
kattlesey@attleseystorm.com
John P. Ward (SBN 274895)
jward@attleseystorm.com
ATTLESEY | STORM, LLP
111 Pacifica, Suite 140
Irvine, CA 92618
Tel: (714) 508-4949
Fax: (714) 508-0015

Attorneys for Defendant Collector's Universe, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC SAVOY, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTOR'S UNIVERSE, INC., dba PROFESSIONAL SPORTS AUTHENTICATOR, a Delaware corporation; PWCC Marketplace, LLC, an Oregon corporation; RICK PROBSTEIN, an individual, dba PROBSTEIN123, and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>[State Case No.: 30-2020-01130892-CU-RI-CXC]<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>[28 U.S.C. §§ 1331, 1332(d), 1441, 1446, 1453]<br><br>Complaint Filed 2/11/20 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Collectors Universe, Inc. (**Collectors** or **Defendant**), hereby removes the action *Eric Savoy v. Collector's et al.*, originally commenced in the Superior Court of the State of California in and for the County of Orange, Case No. 30-2020-01130892-CU-RI-CXC, to the United States District Court for the Central District of California.

This Court has original jurisdiction over this action because of the existence of a federal question, namely Plaintiff Eric Savoy's (**Savoy** or **Plaintiff**) claim brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (c)-(d) (**RICO**). This Court also has supplemental jurisdiction over Savoy's state law claims because they are transactionally related to the federal RICO claim in that they are premised on the same set of operative factual allegations, namely, Savoy's allegation that defendants knowingly certified or sold doctored trading cards.

In support of this removal, Defendant states the following:

## I. BACKGROUND AND SUMMARY OF PLEADINGS

1. On February 11, 2020, Savoy, an individual, on his own behalf and on behalf of all others similarly situated, filed a putative class action complaint in the Superior Court of the State of California in and for the County of Orange Case No. 30-

2020-01130892-CU-RI-CXC (**Complaint**). A true and correct copy of the Complaint is attached as **Exhibit 1**.

2. The Complaint alleges the following causes of action: (1) Violation of Business and Professions Code section 17200; (2) Violation of Business and Professions Code section 17500; (3) Violation of California Civil Code section 1750; (4) Breach of Express Warranty; (5) Violation of Consumer Fraud Laws; (6) Negligent Misrepresentation; (7) Fraud; and (8) RICO.

3. The Complaint names the following defendants: Collectors dba PSA, a Delaware corporation; PWCC Marketplace, LLC, an Oregon corporation; Rick Probstein, an individual, dba Probstein123; and Does 1 through 20, inclusive.

## II. STATEMENT OF FEDERAL QUESTION JURISDICTION

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises, in part, under 18 U.S.C. § 1962 (c)-(d). (Ex. 1, Complaint, 8th cause of action for RICO.)

## III. STATEMENT OF SUPPLEMENTAL JURISDICTION

5. This Court has supplemental jurisdiction over the state law claims alleged in Plaintiff's complaint because they are transactionally related to the federal RICO claim in that they are premised on the same set of operative factual allegations, namely, Savoy's claim that defendants allegedly knowingly certified or sold doctored trading cards.

(*Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990).) Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint as well. (*United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966).)

## IV. TIMELINESS OF REMOVAL

6. Under 28 U.S.C. section 1446(b)(1), a notice of removal is timely if it is filed within 30 days of the defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which the removed action is based. The 30-day window does not begin to run until formal service of a summons and complaint. (*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).) Defendant was served, by substituted service, with a summons and copy of Plaintiff's Complaint on March 2, 2020. Under California law, service was not effected until March 12, 2020. (Cal. Code of Civ. Proc. § 415.20, subd. (b).) Therefore, this Notice of Removal is timely.

## V. JOINDER

7. Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint, and the State Court docket shows no proofs of service for the other defendants. The requirements of 28 U.S.C. § 1446(b)(2)(A) are therefore met.

## VI. VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. § 84(c) and 1391

## VII. NOTICE TO PLAINTIFF

9. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Orange. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served upon such Defendant" or filed in the State Court are attached hereto as exhibits, including the Complaint (**Exhibit 1**); the Summons (**Exhibit 2**); the Civil Cover Sheet (**Exhibit 3**); Declaration filed by Eric Savoy (**Exhibit 4)**; Case Assignment (**Exhibit 5**); Proof of Service (**Exhibit 6**); Minute Order (**Exhibit 7**).

**WHEREFORE**, Defendant requests that the above action pending before the Superior Court of the State of California for the County of Orange be removed to the United States District Court for the Central District of California.

Dated: April 1, 2020

ATTLESEY | STORM, LLP

Keith A. Attlesey
John P. Ward
Attorneys for Defendant Collectors Universe, Inc.