Keith A. Attlesey (SBN 168470)
kattlesey@attleseystorm.com
John P. Ward (SBN 274895)
jward@attleseystorm.com
ATTLESEY | STORM, LLP
111 Pacifica, Suite 140
Irvine, CA 92618
Tel: (714) 508-4949
Fax: (714) 508-0015
Attorneys for Defendant Collector's
Universe, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC SAVOY, an individual, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> COLLECTOR'S UNIVERSE, INC., dba PROFESSIONAL SPORTS AUTHENTICATOR, a Delaware corporation; PWCC Marketplace, LLC, an Oregon corporation; RICK PROBSTEIN, an individual, dba PROBSTEIN123, and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.: 8:20−cv−00632 DOC (ADSx) <br><br> **ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

The Court, having read the Stipulated Protective Order entered into by Plaintiff Eric Savoy (**Savoy**) and Defendants Collectors Universe, Inc. (**Collectors**), PWCC Marketplace, LLC (**PWCC**), and Rick Probstein (**Probstein**)[1], and good cause appearing therefor, hereby orders as follows:

IT IS HEREBY ORDERED THAT:

1.  The Parties may mark documents or other discovery responses or materials as "Confidential Trade Secret Information." Further, the Parties and their counsel may indicate during depositions, or in a writing delivered to all of the Parties within ten (10) days following the deposition, that certain testimony or certain documents produced are Confidential Trade Secret Information.

2.  All Discovery responses and materials in this case designated as Confidential Trade Secret Information shall be maintained on an "attorneys' eyes only" basis, to be reviewed among the Parties' attorneys (**Counsel**) and the following:

    a.  employees of Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b.  individual Parties who have signed the "Agreement to Be Bound by Protective Order" (**Exhibit A**);

    c.  executives of entity Parties who have signed the "Agreement to Be

---

[1] Savoy, Collectors, PWCC, and Probstein shall be referred individually as a "**Party**" or collectively as the "**Parties**." Collectors, PWCC, and Probstein shall be referred to collectively as "**Defendants**

**STIPULATED PROTECTIVE ORDER**

Bound by Protective Order" (**Exhibit A**);

d. experts engaged by or for Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (**Exhibit A**);

e. the Court and its personnel (subject to the restrictions in Paragraph 4 below);

f. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (**Exhibit A**);

g. an author or intended recipient (e.g., persons "cc'd" or "bcc'd") of the document or the original source of the information.

3. Except as permitted in Paragraph 2 above, the Parties, Counsel, and the signatories to the Agreement to Be Bound by Protective Order agree that they shall not distribute, disseminate, disclose, publish, post, transmit, or otherwise share the discovery materials, or any copies thereof, marked as Confidential Trade Secret Information or any portion thereof absent further order of the Court.

4. In the event a Party wishes to use any discovery materials designated as Confidential Trade Secret Information, or any papers containing or making reference to the contents of the discovery materials designated as Confidential

**STIPULATED PROTECTIVE ORDER**

Trade Secret Information, in any pleading or document filed with the Court in this action, the Parties shall follow the procedures outlined in the Local Rules for the Central District of California, Rule 79-5.2.2.

5.    Counsel shall maintain an accurate and complete record of all persons and entities whom they have permitted to view the discovery materials designated as Confidential Trade Secret Information, including the person's or entity's contact information and a description of the discovery designated as Confidential Trade Secret Information that they were shown.  The Court on its own motion, or on the motion of any Party, may require the production of the records described in this paragraph for inspection by the Court and the Parties.

6.     Excepting a Party's own Confidential Trade Secret Information, within seven (7) days of the final disposition of this action (whether by judgment, appeal, settlement, or otherwise) all of those in possession of another Party's discovery materials designated as Confidential Trade Secret Information, including any copies thereof, shall permanently destroy the discovery materials designated as Confidential Trade Secret Information, and all copies thereof, and give the Party who designated the discovery materials as Confidential Trade Secret Information written notice of its destruction within seven (7) days of its destruction.

7.    Upon an alleged violation of this Stipulated Protective Order, the Court, on

**STIPULATED PROTECTIVE ORDER**

its own motion, or on the motion of any Party or non-party, may grant relief as it deems appropriate in law or equity.

8.      This Stipulated Protective Order shall remain in effect and shall continue to be binding forever, including after the final disposition of this action, unless terminated by (a) stipulation executed by the Parties and relevant non-parties or their respective Counsel; or (b) Court order for good cause shown.

9.   Upon discovery of any unauthorized disclosure of discovery materials designated as Confidential Trade Secret Information by the Parties, Counsel, and the signatories to the Agreement to Be Bound by Protective Order, said persons shall immediately notify the Parties of such unauthorized disclosure.  In the event any violation of this Stipulated Protective Order is alleged, the Parties agree that they will first try to resolve any dispute in good faith on an informal basis.  If informal resolution is not feasible, the Parties have the right to seek from the Court a resolution and remedy for the alleged violation, including all of the sanctions available under Federal law.  Each Party, the signatories to the Agreement to Be Bound by Protective Order, and Counsel shall only be responsible for their own respective breach(es) of this Stipulated Protective Order.

10. Nothing in this Stipulated Protective Order shall be construed as waiving the Parties' rights to object and not respond to discovery demands, interrogatories,

**STIPULATED PROTECTIVE ORDER**

and questions posed at depositions concerning protected trade secret information or other privileged materials.

11. Should any Party object to any document demand and elect not to respond to the demand based on a privilege, the Party shall produce a Privilege Log with its discovery responses. The Privilege Log shall include the following information: (1) date of document; (2) identity and position of recipients; (3) identity and position of author; (4) document description; (5) privilege claimed; and (6) present location of document.

12. No discovery materials produced in this case may be used outside of this case, including in any other lawsuit.


IT IS SO ORDERED.

Dated: June  23 , 2020


                                    /s/ Autumn D. Spaeth
                                    AUTUMN D. SPAETH
                                    UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print

or type employer's name and full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order (**Stipulated Protective**

**Order**) entered by the United States District Court, Central District of California in the

case of *Eric Savoy et al. v. Collectors Universe, Inc. et al.*, case no. 8:20−cv−00632 DOC

(ADSx)

      I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order. I understand and acknowledge that failure to so comply could expose me to

monetary and nonmonetary sanctions, including punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is

subject to the Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of the Stipulated Protective Order.  I further agree to

submit to the jurisdiction of the United States District Court, Central District of California

for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after this action is terminated.

      Signature:_____

Date:_____      City and State where signed:_____

**STIPULATED PROTECTIVE ORDER**