**UNITED STATES DISTRICT COURT**      JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00632-DOC-ADS      Date: December 17, 2020

Title: ERIC SAVOY V. COLLECTORS UNIVERSE, INC. ET AL

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS [46, 48, 52] AND REMANDING CASE TO STATE COURT SUA SPONTE**

    Before the Court are Defendants' Collectors Universe, Inc., Rick Probstein, and PWCC Marketplace, LLC's ("Defendants") Motions to Dismiss (Dkt. 46, 48, 52). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court REMANDS this case sua sponte to state court and DENIES AS MOOT Defendants' Motions to Dismiss.

**I.    Background**

    **A.    Facts**

    The following facts are drawn from the Second Amended Complaint in this action ("FAC") (Dkt. 44). This is a putative class action against Defendants Collectors Universe, Inc. dba Professional Sports Authenticator's ("PSA"), PWCC Marketplace,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 20-0632-DOC-ADS | Date: December 17, 2020 |
| | Page 2 |

LLC ("PWCC"), and Rick Probstein ("Probstein") (collectively, "Defendants"). *See generally* SAC. Plaintiff Eric Savoy ("Plaintiff") and other members of the putative class were customers of the Defendants who used Defendants' services to rate and purchase baseball cards. *Id*. ¶ 42. Plaintiff alleges four causes of action, including violations of the California Business and Professions Code, California Civil Code, and negligent misrepresentation. *See generally id*.

### B. Procedural History

On February 11, 2020, Plaintiff filed his class action complaint against Defendants in the Superior Court for the State of California, County of Orange, alleging causes of action for (1) violation of Business & Professions Code § 17200; (2) violation of Business & Professions Code § 17500; (3) violation of California Civil Code § 1750; (4) breach of express warranty; (5) violation of consumer fraud laws; (6) negligent misrepresentation; (7) fraud; (8) Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)–(d) ("RICO"). Complaint (Dkt. 1-1) at 1. On April 1, 2020, Defendants removed the action to this Court on the basis of federal question jurisdiction and supplemental jurisdiction. Notice of Removal (Dkt. 1) at 3.

On May 4, 2020, Plaintiff filed his First Amended Complaint ("FAC") (Dkt. 14). In the FAC, Plaintiff alleged causes of action for (1) violation of Business & Professions Code § 17200 against Defendants PSA and PWCC; (2) violation of Business & Professions Code § 17500 against Defendants PSA and PWCC; (3) violation of California Civil Code § 1750 against Defendants; (4) violation of consumer fraud laws against Defendants; (5) negligent misrepresentation against Defendants; (6) fraud against Defendants; and (7) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)–(d) ("RICO") against Defendants.

On May 21, 2020, Defendant PSA brought a Motion to Dismiss seeking to dismiss Plaintiff's FAC for failure to state a claim (Dkt. 15). On July 21, 2020 the Court issued an order granting in part Defendant's Motion to Dismiss with leave to amend and stating, in relevant part, "[g]iven that this Court's jurisdiction is based on the sole federal RICO claim against all Defendants, if Plaintiff cannot adequately plead a claim under RICO, the Court will remand the action for lack of jurisdiction." Dkt. 42 at 12.

On August 3, 2020, Plaintiff filed the Second Amended Complaint (Dkt. 44). The Second Amended Complaint did not plead a claim under RICO. *Id*.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0632-DOC-ADS            Date: December 17, 2020
           Page 3

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III. Discussion

While Plaintiff has not formally moved for remand, all parties have addressed the issue of remand in their pleadings on Defendants' Motions to Dismiss. Plaintiff "has concluded that he cannot adequately plead a claim under RICO and has not attempted to do so in his FAC." Opp'n (Dkt. 49) at 3. Defendants argue that while the basis for federal jurisdiction has been eliminated, the Court should keep the case for reasons of judicial economy and so that Defendants do not have to pay additional fees if remanded to state court. *See generally* Dkt. 46, 48, 52.

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This provision is usually invoked when plaintiffs plead a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). In determining whether a federal district court has "arising under" jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule. *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011). "Under the well-pleaded complaint rule, the Court must determine whether "a right or immunity created by the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0632-DOC-ADS                                                              Date: December 17, 2020
                                                                                                                   Page 4

Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id*. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*."* *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

     Plaintiffs' cause of action and prayer for relief do not present an essential question of federal law. Plaintiff has admitted that it cannot adequately plead a claim under RICO—the original and only basis for its case being in federal court. The Second Amended Complaint contains only state law causes of action. Now that the Court lacks subject matter jurisdiction, it must exercise its discretion, and it accordingly declines to exercise supplemental jurisdiction over the remaining state law claims.

## IV.    Disposition

For the reasons set forth above, the Court DENIES AS MOOT Defendants' Motions to Dismiss and hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                     Initials of Deputy Clerk: kd

CIVIL-GEN